```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
JCM CAPITAL CORP.,                      :
                                        :   CIVIL ACTION NO. 03-857 (MLC)
     Plaintiff,                         :
                                        :   **MEMORANDUM OPINION**
     v.                                 :
                                        :
BROZA, BLOCK & RUBINO, P.A.,            :
et al.,                                 :
                                        :
     Defendants/Third-Party             :
     Plaintiffs,                        :
                                        :
     v.                                 :
                                        :
STERILTX, INC., et al.,                 :
                                        :
     Third-Party Defendants.            :
                                        :
```

**THE COURT ISSUING** an order to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, even though the action has advanced beyond the initial pleadings (dkt. entry nos. 47 & 53), see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking), Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 299 n.2 (3d Cir.) (inquiring on citizenship diversity on appeal), cert. denied, 125 S.Ct. 62 (2004); and the plaintiff — JCM Capital Corp. ("JCM") — (1) bringing this action, inter alia, to recover damages for accounting malpractice against the defendants — Broza, Block & Rubino, P.A. ("BBR") and Videre Group, LLP ("VGLLP"), and (2) alleging jurisdiction under Section 1332 (Compl., at 2); and JCM alleging that "[a]s the successor in interest [to BBR], [VGLLP] is legally responsible for the acts

and omissions of [BBR's] partners, employees, officers and agents" (id. at 9); and

**JCM ALLEGING** when it filed the complaint, (1) it was a New York citizen, and (2) VGLLP was comprised of partners who were New Jersey citizens (Compl., at 1-2); and a limited liability partnership being deemed a citizen of each state in which its partners are citizens, Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990), HB Gen. Corp. v. Manchester Partners, 95 F.3d 1185, 1190 (3d Cir. 1996); and it now appearing VGLLP (1) had a partner — i.e., Mark Weingarten — who was a New York citizen when JCM filed the complaint, and (2) thus was deemed a citizen of — among other states — New York; and it appearing the requirement of complete diversity at the time of filing was not met, as JCM would not have been a "citizen[] of [a] different State[]" in relation to VGLLP when JCM filed the complaint, 28 U.S.C. § 1332(a)(1), see Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570-71 (2004); and

**JCM NOW** (1) admitting there was a lack of diversity of citizenship between it and VGLLP when it brought the action (JCM 1st Mem., at 7), and (2) cross-moving, inter alia, to dismiss its own complaint insofar as asserted against VGLLP without prejudice (dkt. entry no. 50); and JCM arguing the dispute can be adjudicated against BBR alone because a judgment "against BBR . . . will trigger coverage under the [relevant insurance] policy,

thus providing insurance proceeds upon which it can collect after obtaining a judgment against BBR" (JCM 1st Mem., at 5); but JCM implying it seeks dismissal of the claims against VGLLP without prejudice because (1) it "should not be precluded from filing a state action if necessary to recover against [VGLLP] based on a successor liability theory" (JCM 2d Mem., at 8), and (2) it "has not been advised by defendants' insurer whether it will in fact cover the claim being made if [VGLLP] is dismissed from this suit" (id., see id. at 9 (stating it does not "know[] for sure whether BBR's insurer will provide BBR coverage")); and thus it appearing a dismissal of the complaint insofar as asserted against VGLLP will result in a second, simultaneous action in state court; and

**A COURT**, in deciding whether to dismiss claims against a nondiverse defendant to preserve jurisdiction under Section 1332, must determine whether that defendant is a "necessary party," Guthrie Clinic v. Travelers Indem. Co., No. 02-3502, 2004 WL 1465688, at *2 (3d Cir. June 29, 2004), see Fed.R.Civ.P. 19(a); and it appearing that if a party is necessary, a court then must determine if that defendant is "indispensable," Fed.R.Civ.P. 19(b); and

**JCM ASSERTING** in the complaint that VGLLP, as the successor in interest to BBR, is responsible for BBR's acts and omissions; and it appearing that JCM may need to bring a second action in

3

state court if the complaint insofar as asserted against VGLLP is dismissed; and thus "even a cursory reading" of JCM's pleadings and papers reveal JCM still has "specific allegations" against VGLLP, Guthrie Clinic, 2004 WL 1465688, at *3 (affirming order granting motion to dismiss for lack of Section 1332 jurisdiction because nondiverse party was indispensable); see Doughan v. Tutor Time Child Care Sys., No. 95-7562, 1996 WL 502288, at *2 (E.D. Pa. Aug. 27, 1996); Enza Inc. v. We The People, Inc., 838 F.Supp. 975, 978 (E.D. Pa. 1993); and it appearing JCM considered VGLLP to be necessary and indispensable when it filed the complaint, and continued to possess that view until the Court inquired of the accuracy of the jurisdictional allegations; and thus it appearing VGLLP is necessary to the action based on JCM's own allegations, and complete relief cannot be accorded without VGLLP's presence in this action; and it appearing a disposition in the action without VGLLP could (1) impair VGLLP's ability to defend itself, and (2) result in inconsistent obligations for the parties, see Fed.R.Civ.P. 19(a); and

**IT APPEARING VGLLP** is also indispensable because it has a great interest in the outcome due to JCM's allegations against it, and a judgment here could bind VGLLP elsewhere; and it appearing JCM will not be unduly prejudiced if the entire complaint is dismissed because it has alternative fora in which to proceed, e.g., the state courts of either New Jersey or New

4

York, see Enza Inc., 838 F.Supp. at 978; and it also appearing "there is an independent judicial interest that occasionally blocks an effort to keep a suit going by dropping a party whose presence destroys jurisdiction," May Dep't Stores v. Fed. Ins. Co., 305 F.3d 597, 599 (7th Cir. 2002), particularly when a court "would be creating two suits where there had been only one," id., see Sta-Rite Indus. v. Allstate Ins. Co., 96 F.3d 281, 287 (7th Cir. 1996) (rejecting result that "would not . . . allow the federal courts to render complete relief, and would likely lead to duplicative actions"); and thus the Court intending to grant the order to show cause, deny the part of the cross motion seeking to dismiss the complaint insofar as asserted against VGLLP, and deny the other parts of the cross motion and any other outstanding motions without prejudice; and

**IT APPEARING** dismissal here would be without prejudice to re-commence the action in an appropriate state court; and it appearing further the limitation periods for the claims raised here have been tolled by the filing of the federal complaint, see Young v. Clantech, Inc., 863 F.2d 300, 301 (3d Cir. 1988), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge